ON MOTION FOR REHEARING
JOANOS, Chief Judge.
The motion for rehearing is denied. However, based on various factual errors cited in the motion, the opinion filed July 29, 1992 is hereby withdrawn, and the following opinion substituted therefor.
Jorge L. Dominguez has appealed an order of the trial court denying his petition for writ of mandamus seeking to require the Department of Corrections (Department) to award provisional gain-time pursuant to section 944.277, Florida Statutes (1989). We reverse, and remand for reconsideration of the petition.
In November 1980, Dominguez was convicted of two counts of second-degree murder (the offenses occurred in December 1977), and sentenced to 22 years incarceration plus probation for life. He commenced probation in January 1989, and was arrested in April 1990 on various drug charges. The trial court revoked his probation and sentenced him on the 1977 murder charges to 27 years incarceration with credit for 22 years. Dominguez was later convicted of the drug charges, and received two concurrent 12-year terms, to run consecutively to the 27-year sentence. He was remanded to the Department’s custody on September 12, 1990.
Commencing in 1983, the Legislature has enacted various statutes designed to provide for the emergency release of prisoners to relieve prison overcrowding. These statutes defined those inmates who would not be eligible for such release, but Dominguez was not excluded from eligibility at any time during his initial incarceration. Effective January 1, 1990, after Dominguez commenced serving the probationary portion of his sentences for the 1977 second-degree murders, section 944.277, Florida Statutes, was amended to render ineligible for the first time those inmates previously convicted of committing murder in the second degree. § 944.277(l)(i), Fla.Stat. (1989). A footnote states that the provision is “applicable to offenses committed on or after January 1, 1990.”
As noted above, Dominguez committed new offenses in April 1990, after the effective date of section 944.277(l)(i). He was incarcerated for those offenses, and re-incarcerated on the 1977 second-degree murder convictions, in September 1990. The Department thereafter informed him that, because he had committed a new offense after the effective date of section 944.-277(l)(i), rendering ineligible for provisional credit those inmates previously convicted of second-degree murder, he could not receive that credit against the five years remaining on the 1977 murder sentence.
Dominguez filed the instant petition for writ of mandamus, seeking to compel the Department to award the credit against that five-year term for the period from September 12 to December 31, 1990. The petition relied on the footnote to section 944.277(l)(i) stating that it applied only to “offenses committed after January 1, 1990,” to argue that it could not be applied to deny the credit against sentences for offenses committed prior to that date, i.e., the 1977 murders.
In its court-ordered response, the state cited Dugger v. Rodrick, 584 So.2d 2 (Fla.1991), cert. denied — U.S.-, 112 S.Ct. 886, 116 L.Ed.2d 790 (1992).[1] It argued that the Department’s interpretation of sec *759 tion 944.277(l)(i), i.e., that the commission of an offense after the January 1, 1990 effective date subjected all terms of incarceration for offenses committed prior to that date to the exclusion stated in the amendment, was permissible and not barred by ex post facto considerations under Rodrick. The trial court agreed, and denied the petition.
Rodrick dealt with exclusions from provisional credit eligibility added by the 1988 amendments. The Supreme Court held that there was no ex post facto violation in ceasing to award the credit to those inmates, previously eligible, whose disqualifying offenses occurred prior to the effective date of the exclusions. See also Felk v. Dugger, 589 So.2d 905 (Fla.1991). However, there was no provision in the 1988 amendments, as there is in the 1989 amendments involved herein, specifically stating that the pertinent new exclusion was to apply only to offenses occurring after the effective date thereof, here, January 1, 1990.
We find that this specific proviso clearly bars the application of the exclusions added in 1989 to offenses occurring prior to January 1, 1990, i.e., Dominguez’ 1977 murder convictions, and removes this case from the operation of Rodrick and Felk. Because the agency interpretation of the statute is clearly erroneous, given the aforementioned proviso, it is not entitled to the deference normally given such interpretations. See AMISUB v. Department of Health and Rehabilitative Services, 577 So.2d 648 (Fla. 1st DCA 1991) (an agency’s statutory construction is entitled to great weight, and will not be overturned on appeal unless it is clearly erroneous).
Based on the foregoing, we reverse the order of the trial court denying Dominguez’ petition for writ of mandamus, and remand for reconsideration of that petition in light of this opinion.
BARFIELD and MINER, JJ., concur.

. In Rodrick, the Department had applied the 1988 provisional credit amendments (which became effective during Rodrick’s incarceration for a 1987 offense) to deny him the credit. The trial court denied a petition for mandamus challenging the denial, and the Second District Court of Appeal reversed, in that Rodrick’s offenses pre-dated the amendment. The Florida Supreme Court quashed that decision, on the ground that the provisional credit statute was procedural, and therefore the award of provi *759 sional credit thereunder was not subject to ex post facto restrictions. Rodrick at 4.